# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 11-577V
Filed: May 30, 2014

| | | |
|---|---|---|
| ************************************* | | **PUBLISHED** |
| D. GOLMAKANI, | * | |
| | * | |
| Petitioner, | * | Special Hamilton-Fieldman |
| | * | |
| v. | * | |
| | * | Interim Costs; Protracted Proceedings; |
| SECRETARY OF HEALTH | * | Expert Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| ************************************* | | |

Lisa A. Roquemore, Law Offices of Lisa A. Roquemore, Irvine, CA, for Petitioner.
Justine E. Daigneault, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING PETITIONER'S INTERIM COSTS[1]

This matter is before the undersigned on Petitioner's Motion for Payment of Personal Costs on an Interim Basis. For the reasons stated herein, the motion is **granted in part.**

---

[1] Because this published decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the special master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information the disclosure of which would clearly be an unwarranted invasion of privacy. When such a decision, ruling or designated substantive order is filed, a party has 14 days to file a motion to redact such information, which should include a proposed redacted decision, before the document's disclosure. If the special master, upon review of a timely filed motion, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the version made available to the public. 42 U.S.C. § 300aa–12(d)(4); Vaccine Rule 18(b).

1

## I.     BACKGROUND

On July 17, 2012, Petitioner filed a Motion for Interim Attorneys' Fees and Reimbursement of Disbursements and Costs ("Motion for Interim Fees") for her former counsel, Robert Krakow, Esq.  On May 31, 2013, Respondent filed her Response objecting to the payment of interim fees and costs at this stage of the litigation, and urging the court to deny Petitioner's Motion for Interim Fees until such time as the case has concluded or upon a determination that an award of interim fees is appropriate, as set forth in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008) ("First Response").  Respondent noted, however, that if the special master were to award interim fees and costs over Respondent's objections, Petitioner's former counsel had agreed to reduce his request to $44,961.65 for all fees and costs incurred by him in proceeding on this petition.  Without waiving her objections, Respondent indicated that $44,961.65 was not an unreasonable amount for fees and costs incurred for the duration of Mr. Krakow's prior representation of Petitioner in this matter.  Subsequently, the special master held that an interim award was appropriate, and awarded Petitioner $44,961.65 for the interim fees and costs incurred by Mr. Krakow.  *Golmakani v. Sec'y of Health & Human Servs.*, No. 11-577V, 2013 WL 4009664 (Fed. Cl. Spec. Mstr. July 7, 2013).

On July 1, 2013, Petitioner filed her Reply along with a Supplemental Submission requesting reimbursement for certain costs incurred directly by Petitioner in pursuit of her claim that had not been included with the initial Motion for Interim Fees.  In a separate order, the special master designated Petitioner's Supplemental Submission as a new motion – "Petitioner's Motion for Payment of Personal Costs on an Interim Basis" ("Supplemental Motion" or "Suppl. Mot.") – and afforded Respondent additional time to respond to Petitioner's Supplemental Motion.

Respondent objected to the payment of the supplemental interim costs on the basis that they were not reasonable or necessary.  In particular, Respondent objected to the following costs:

### 1. MacBook Pro

Petitioner requested reimbursement of $1,462.40 for the cost of a MacBook Pro, which Petitioner claims was purchased for "video conversion per court request."  Suppl. Mot., Ref. 18 at 1, ECF No. 52.  Respondent's objection was premised on the fact that Petitioner was unable to provide the videos in a viewable format, and ultimately the government had to expend its own resources to access and view the hard drive and its contents.

### 2. Expert Witness Retainer

Petitioner requested reimbursement for a $2,000.00 expert witness retainer, which she had provided to her counsel, Lisa Roquemore, Esq. Suppl. Mot., Ref. 18 at 1, 3, ECF No. 52.

Respondent objected to this cost as premature because although the Vaccine Act provides that the special master shall award costs *incurred* in any proceeding on a petition, *see* 42 U.S.C. § 300aa-15(e)(1), the Act does not authorize the court to compensate for costs *not yet incurred*.

### 3. Visit to Autonomic Expert

Petitioner also requested reimbursement of $528.80 for a "[c]onsultation by autonomic expert for court case." Suppl. Mot., Ref. 18 at 1, ECF No. 52.  Respondent objected to this on several grounds.  In her Reply to Respondent's objections, Petitioner conceded Respondent's objection and withdrew the request.  This issue is therefore moot.

## II.   APPLICABLE LEGAL STANDARDS

Petitioners who successfully demonstrate their entitlement to compensation for Vaccine Act claims are entitled to an award of reasonable attorneys' fees and costs for that litigation.  *See* § 300aa-15(e)(1).  An unsuccessful petitioner may also be awarded attorneys' fees and litigation costs if petitioner's claim was (a) filed in good faith and (b) with a reasonable basis. *Id.*

Whether a petitioner was successful or not, special masters have the discretion to determine what constitutes a reasonable amount for fees and costs.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); *Saunders v. Sec'y of Health & Human Servs.*, 90-826V, 1992 WL 700268, at *1 (Cl. Ct. Spec. Mstr. May 26, 1992) *aff'd,* 26 Cl. Ct. 1221 (1992), *aff'd,* 25 F.3d 1031 (Fed. Cir. 1994); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 31 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994); *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 332 (Fed. Cl. 2010); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).  Ultimately, it is the Petitioner's burden to demonstrate that requested attorneys' fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 215 (2009); *Rupert v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 684, 686 (2002); *Wilcox v. Sec'y of Health & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).  The same burden applies to justifying requests for an award of costs. *Perreira*, 27 Fed. Cl. at 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

In *Avera v. Sec'y of Health & Human Servs.*, 515 F. 3d 1343, 1352 (2008), the U.S. Court of Appeals for the Federal Circuit indicated that an award of interim fees and costs--that is, an award prior to the entry of a final judgment on the initial question of whether the petitioner is entitled to compensation for the alleged vaccine injury--can be appropriate in Vaccine Act cases.  The *Avera* court did not specify in what particular circumstances such an award might be appropriate, but the court made it clear that such interim awards can be made.  The Federal Circuit gave the same indication again in *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1373-74 (2010).  In the period since the issuance of *Avera* in February of 2008, there has been a plethora of decisions from special masters awarding interim fees and costs.  There was also a previous award of interim attorneys' fees in this case.  The undersigned therefore concludes that this additional award is appropriate pursuant to *Avera*.

### III.  DISCUSSION

As explained below, Petitioner has satisfied the requirements for an interim award of litigation costs that Petitioner has borne personally.

Respondent's objection to the $2,000.00 Petitioner seeks for an expert witness retainer fee was premised on the argument that no expert had been retained at that time and therefore that no costs had yet been incurred, a statutory prerequisite.  As Petitioner has now filed Dr. Steinman's report and supportive medical literature that argument is **moot**.  Petitioner's motion as to these costs is **granted.**  The motion is also **granted** as to the uncontested costs for hard drives and shipping costs in the amount of $219.09.

Petitioner's remaining request seeks reimbursement for the cost of the MacBook Pro that Petitioner purchased in attempting to comply with the previous special master's orders regarding production of video exhibits in a viewable format.

The undersigned agrees with Petitioner that the previous special master was adamant that Petitioner bore the burden of producing the exhibits in a viewable format.  Declaration at 3, ECF No. 73.  The undersigned also agrees with Petitioner that the previous special master appeared to endorse the purchase of the computer as a cost-effective solution to the problem.  *Id.*  While the undersigned might not have approached this problem in a similar manner, the undersigned must now take into consideration the reasonably established expectation of Petitioner.  However, the undersigned must also take into consideration that Petitioner was ultimately unable to produce viewable video exhibits using the computer, and that Petitioner retained the computer for her own personal use after the failed attempt at conversion of the exhibits.  Therefore, while the undersigned agrees that the initial expenditure on the computer should be borne by the

Program, Petitioner's retention and use of the computer for non-Program purposes requires Petitioner to pay the reasonable cost of that use.

The undersigned therefore **grants** Petitioner's motion **in part**, and orders the payment of Petitioner's costs for half of the computer, in the amount of $731.20.

## IV.   CONCLUSION

For the reasons explained above, the undersigned finds that an award of interim costs to Petitioner is appropriate in this case. Petitioner is awarded costs on an interim basis as follows:

> **A check made payable to Petitioner (D. Golmakani) in the amount of $2,950.29. The interim costs should be mailed to Petitioner in the care of her attorney, Lisa Roquemore, Law Office of Lisa Roquemore, 19200 Von Karman Ave., Suite 500, Irvine, CA 92612-7114.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).